UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| WILLIE J. SMITH, JR., | ) | |
| | ) | |
| Petitioner, | ) | 2:08-cv-1552-RCJ-LRL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BRIAN WILLIAMS, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by Willie J. Smith, Jr., a Nevada state prisoner. The Court received the petition on November 12, 2008. (Docket #1). On November 26, 2008, the Court dismissed the petition as successive and submitted outside the applicable limitations period. (Docket #2). Judgment was entered on the same date. (Docket #3).

On December 30, 2008, petitioner filed a motion for reconsideration. (Docket #5). On January 14, 2009, petitioner filed a motion to reopen his case. (Docket #6). Petitioner also filed a motion for a copy of the petition. (Docket #7).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure

1  59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J*
2  *Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).
3  Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the
4  following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987). In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987). Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).

In the instant case, upon further review of the petition, it appears that the action was dismissed in error. Petitioner has multiple convictions and multiple habeas petitions in this Court. The Court expresses no opinion as to whether procedural defenses might apply to the petition. The respondents must respond to the petition in this action, which was received by the Court on November

2

12, 2008. (Docket #1). In particular, respondents shall respond to Part I of the petition, at pp. 1-2, and Part 2 of the petition, at pp. 1-87).[1]

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions).

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (Docket #5) and motion to reopen this action (Docket #6) are **GRANTED.**

**IT IS FURTHER ORDERED** that the application to proceed *in forma pauperis* (Docket #1) is **GRANTED**. The Clerk **SHALL FILE** the petition for a writ of habeas.

**IT IS FURTHER ORDERED** that petitioner's motion for a copy of the petition (Docket #7) is **GRANTED**. The Clerk shall send petitioner a copy of the petition filed in this action.

**IT IS FURTHER ORDERED** that the Clerk **SHALL SERVE** the petition (received November 26, 2008) upon the respondents by certified mail.

**IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address any claims presented by petitioner in his petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

**IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for

---

[1] The Court notes that Part I, pp. 3-85 of the petition consists of exhibits, including briefs and state court decisions.

consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

Dated this 20th day of April, 2009.

_____
UNITED STATES DISTRICT JUDGE