UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

WILLIE J. SMITH, JR.,                    )
                                         )
       Petitioner,                       )    2:08-cv-1552-GMN-VCF
                                         )
vs.                                      )    **ORDER**
                                         )
BRIAN WILLIAMS, *et al.*,                )
                                         )
       Respondents.                      )
_____/

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On July 23, 2012, this Court entered an order analyzing the merits of this case and denying the habeas petition. (ECF No. 48). Judgment entered on July 23, 2012. (ECF No. 49). Petitioner has filed a motion for reconsideration (ECF No. 50) and a motion for relief from judgment (ECF No. 52). Respondents oppose both motions. (ECF Nos. 51 & 53).

Where a ruling has resulted in final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment pursuant to Federal Rule 60(b). *School Dist. No. 1J Multnomah County v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994). Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

1    Motions to reconsider are generally left to the discretion of the trial court. *See Combs v. Nick Garin Trucking,* 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See Kern-Tulare Water Dist. v. City of Bakersfield,* 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

Rule 59(e) of the Federal Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Herbst v. Cook,* 260 F.3d 1039, 1044 (9th Cir. 2001), *quoting McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999).  Federal courts have determined that there are four grounds for granting a Rule 59(e) motion:  (1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the moving party presents newly discovered or previously unavailable evidence; (3) the motion is necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law. *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

In the instant case, this Court denied the federal habeas petition by order filed July 23, 2012. (ECF No. 48).  In the motion for reconsideration and motion for relief from judgment, petitioner merely reargues issues previously decided by this Court.  (ECF Nos. 50 & 52).  To the extent that petitioner seeks to raise new facts, federal claims heard on the merits in the state court cannot be augmented with new evidence in federal court. *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011).  In neither of the motions has petitioner identified any mistake, intervening change in controlling law, or other factor that would require altering or vacating the judgment in this case.  Petitioner has not shown that manifest injustice resulted from the denial of his petition.  Petitioner has failed to make an adequate showing under either Rule 59(e) or Rule 60(b) to justify granting his motion for reconsideration and his motion for relief from judgment.

1       **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 50)
2 and motion for relief from judgment (ECF No. 52) are **DENIED.**
3       Dated this 19th day of February, 2013.

                                                _____
                                                Gloria M. Navarro
                                                United States District Judge